# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ELLEN KAY REES, and**
**RONALD ARTHUR REES, her husband,**

        **Plaintiffs,**

                                              Case No.      06-10676

**v.**

                                              **HONORABLE DENISE PAGE HOOD**

**TARGET CORPORATION,**
**a foreign corporation,**

        **Defendant.**

_____/

## ORDER

### I.   INTRODUCTION

This matter is before the Court on Defendant's Motion for Summary Judgment, filed August 29, 2006. Plaintiffs filed a Response on September 19, 2006 and Defendant filed a Reply on September 21, 2006.

### II.   STATEMENT OF FACTS

On December 20, 2004, Plaintiff, Ellen Kay Rees, was shopping at a Target store with her two developmentally disabled adult wards, Susan and Megan Rees. Mrs. Rees was sitting in a motorized car when a box of wine glasses suddenly fell from a shelf and struck her in the head. The box fell on Mrs. Rees' head from behind and she claims that both of her wards were visibly in front of her when the accident occurred. Mrs. Rees denies that she or anyone else ever touched the offending shelf.

Plaintiffs allege that Defendant breached its duty owed and was negligent in:

1

    a.      Failing to provide Plaintiff with a safe area in which to view their merchandise;
    b.      Failing to keep the merchandise area free from hazardous, unsafe and dangerous conditions for invitees such as Plaintiff;
    c.      Failing to timely and adequately inspect the merchandise area so as to eliminate all hazardous and dangerous conditions and in particular, hazards from the poorly stacked boxes;
    d.      Failing to hire and retain adequate and competent personnel to inspect, supervise and maintain the area;
    e.      Failing to promulgate and/or enforce adequate rules and regulations as to the condition of the area to keep it clear of all hazardous conditions;
    f.      Failing to timely remove or eliminate the hazardous and unsafe condition and/or timely warn Plaintiff of same;
    g.      Failing and neglecting to correct and/or repair and/or warn of dangerous conditions which Defendant knew or should have known was unsafe for walking by invitees, such as Plaintiff;
    h.      Failing and neglecting to exercise due care to prevent and obviate the existence of a situation known to Defendant or that should have been known, which might result in injury to Plaintiff or other invitees;
    i.      Other acts and/or omissions which will be ascertained during discovery in which Plaintiff reserved the right to amend and incorporate herein.

Compl. at 3.

### III.    STANDARD OF REVIEW

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact. The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985). In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party. *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983). But as the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry to summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

To create a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact. "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F. Supp. 495, 497 (E.D. Mich. 1993) (citations omitted).

## IV.   APPLICABLE LAW & ANALYSIS

### A.   Negligence

To establish a *prima facie* case of negligence, a Plaintiff must demonstrate that (1) the defendant owed a duty to the Plaintiff, (2) the defendant breached the duty owed, (3) the defendant's breach of the duty owed was a proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages. *Berryman v. K Mart Corp.*, 193 Mich. App. 88, 91 (1992). "A *prima facie* case of negligence may be established by the use of legitimate inferences, as long as sufficient evidence is introduced to take the inferences 'out of the realm of conjecture." *Id.* (quoting *Ritter v. Meijer, Inc.*, 128 Mich. App. 783, 786 (1983)). A shop owner is under a duty to provide reasonably safe aisles for customers and is liable for injury resulting from an unsafe condition either caused by the active negligence of the owner or an employee or, if otherwise caused, where it is known to the owner or

3

is of such a character or has existed a sufficient length of time that he should have had knowledge of it. *Berryman v. K Mart Corp.*, 193 Mich. App. 88, 92 (1992).

Defendant asserts that summary judgment is appropriate because Plaintiffs have not presented any evidence of negligence. Defendant points to the deposition testimony of Mrs. Rees and argues that she is unable to demonstrate how or why the box "leapt off the shelf." (Def.'s Mot. For Summ. J. at 11). Defendant contends that Mrs. Rees is only able to speculate as to what caused the box to fall and perhaps is "covering up her own comparative negligence, a member of her party's negligence, or the negligence of another shopper unconnected to Target." *Id.* Defendant further argues that Plaintiffs are unable to present an adequate claim of *res ipsa loquitor* because the box was not within Defendant's exclusive control, but within the control of Mrs. Rees and countless other shoppers. *Id.*; *See Boyer v. Target*, No. 251790, 2005 WL 602563, at *2 (Mich. App. Mar. 15, 2005).

Defendant also argues that Plaintiffs are unable to establish proximate cause, which requires a showing of cause in fact and legal or proximate cause. *Skinner v. Square D. Co.*, 445 Mich. 153, 162-63 (1994). Defendant asserts that Plaintiffs have no admissible evidence that any action by Target was a cause in fact of the box leaping off the shelf. As to proximate cause, Defendant argues that, because there are equally plausible hypotheses of why the box suddenly fell, proximate cause is not established. (Def.'s Mot. For Summ. J. at 13-15). Namely, Defendant asserts that Mrs. Rees, or someone in her party, could have mishandled the box or the box or shelf could have been disturbed by another shopper. *Id.* Defendant concludes that, although Mrs. Rees denies either set of circumstances, she fails to offer another explanation in its place and thus Plaintiffs' theory of causation is mere speculation, which is insufficient to raise a genuine issue of material fact. *Id.*; *See*

4

*Stefan v. White*, 76 Mich. App. 654 (1977).

Defendant points to *Stefan v. White*, 76 Mich. App. 654 (1977), to support the argument that summary judgment is appropriate because Plaintiffs are merely speculating as to the cause of the box falling. In *Stefan*, principal plaintiff Mary Stefan claimed damages for personal injuries where she tripped over the door sill at Defendant's home. 76 Mich. App. at 656. When deposed, plaintiff stated that she did not know how or why she fell, she stated, "I don't recollect anything . . . I don't know what happened. I just went down." The Court found that this testimony contradicted the Complaint and negated a causal relationship between plaintiff's fall and defendant's premises and concluded that the mere occurrence of plaintiff's fall is not enough to raise an inference of negligence on the part of defendant. However, *Stefan* is distinguishable from the instant case because the key element in the court's decision in *Stefan* was that the plaintiff's own deposition testimony negated negligence on the part of the Defendant. The court further concluded that *res ipsa loquitor* did not provide the necessary inference of negligence.[1]

Plaintiffs points to Mrs. Rees' status as an invitee at Target in support of the contention that they have established a *prima facie* case of negligence. A landowner owes its invitees a duty to make the premises safe, which requires inspecting the premises and, depending upon the circumstances, making any necessary repairs or warning of any discovered hazards. *Stitt v. Holland Abundant Life Fellowship*, 462 Mich. 591, 597 (2000). Plaintiffs argue that they can point to both direct and circumstantial evidence which demonstrate negligence. First, the testimony of lay

---

[1] Defendant, and not Plaintiffs, raise the doctrine of *res ipsa loquitor* in discussing evidence of negligence. The Court declines to make *res ipsa loquitor* arguments for Plaintiffs, but does find the doctrine applicable to the present situation.

witnesses demonstrates inadequate shelving.[2]  Second, the testimony of Plaintiffs' expert witness, J. Terrence Grisim, establishes that the retail industry is required to zone their store to be continuously on the lookout for conditions on the premises which need attention or correction.[3]

Plaintiffs emphasize that they are not alleging that the box "jumped off the shelf," as characterized by Defendant, but instead argue that Defendant failed to meet its own, and generally accepted, retail store principals of proper zoning and were negligent in failing to correct the tilted position of the box.  Plaintiffs also point to *Brown v. Wal-Mart Stores, Inc.*, an unpublished decision of the Sixth Circuit Court of Appeals, in arguing that causation can be proved by circumstantial, and not only direct, evidence.  198 F.3d 244 (6th Cir. 1999).  Plaintiffs allege that Defendant's failure to follow their own, as well as generally accepted retail principals, is the negligent cause of the accident and the proximate cause of Plaintiff's injury.

The absence of any evidence of negligence on the part of Plaintiffs or a third party, and the affidavit of Mr. Grisim raise an inference of negligence on the part of Defendant sufficient to withstand Defendant's Motion for Summary Judgment.  The Court finds that there is a material issue of fact that Defendant acted negligently in maintaining the aisles at the subject Target store.  Specifically, there is a question of fact as to whether the box was tilted for a sufficient length of time such that Defendant should have noticed and taken action to remedy the condition.

---

[2] Defendant notes, and the Court concurs, that Plaintiffs have not presented the Court with any lay witness testimony that demonstrates inadequate shelving.

[3] In an attached affidavit, Mr. Grisim states, "Target's employee zoning procedures were inadequate and/or ineffective in the situation that led to the accident.  This accident occurred during the height of the Christmas shopping season when customer traffic in the store is generally at its peak. " (Pls.' Resp. at 4, Ex. 2). In Mr. Grisim's opinion, "Target was negligent in the construction and maintenance of this wine glass display and that negligence caused plaintiff's injuries." *Id.*

**B.     Open and Obvious Doctrine**

Under the open and obvious doctrine, "where dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them, an invitor owes no duty to protect or warn the invitee unless he should anticipate the harm despite knowledge of it on behalf of the invitee." *Novotney v. Burger King Corp.*, 198 Mich. App. 470, 473 (1993) (citing *Williams v. Cunningham Drug Stores, Inc.*, 429 Mich. 495 (1988)).

Defendant contends that it did not create or maintain a dangerous condition, however, if a danger was presented, it was "open and obvious." An "open and obvious" danger is one that a person or ordinary intelligence would discover upon casual inspection. *Novotney v. Burger King Corp.*, 198 Mich. App. 470, 475 (1993). Defendant points to the testimony of Megan Rees who testified that when they entered the aisle, the box was already tipped on the edge of the shelf and ready to fall. (Def.'s Mot. For Summ. J. at 15-18, Ex. C). Defendant claims that this testimony conflicts with that of Mrs. Rees, however, "if believed by a jury, it would mean plaintiff parked herself directly underneath a visible hazard and stayed there in the zone of danger until it was realized." *Id.* at 17. Defendant asserts that Mrs. Rees must not have been paying attention and did not take notice of this "open and obvious" condition. *Id.* at 17-18. Further, Defendant argues that nobody from Target ordered or compelled Mrs. Rees to stop directly underneath the allegedly offending box. *Id.* at 18.

Plaintiffs assert that the open and obvious doctrine does not require an individual "to look not only where they are proceeding directly but also requires them to look overhead, behind them and in all different places." (Pls.' Resp. at 7). Mrs. Rees was also in a motorized wheelchair and her range of vision was more limited. Further, Mrs. Rees testified in her deposition that she was

being careful to make sure she did not get too close to the shelves with her wheelchair so she must have been looking at all the items in her range of vision, which is all a reasonable plaintiff is required to do. *Id.*, Ex. 5.

In reply, Defendant argues that the open and obvious doctrine is an objective test that focuses on the condition, not the person and Defendant, therefore, only has a duty to safeguard the average person. (Def.'s Reply Br. at 1-2). Defendant is correct in that the central inquiry as to whether a danger is open and obvious is whether an average user with ordinary intelligence would have been able to discover the danger and the risk presented upon casual inspection. *Novotney*, 198 Mich. App. at 475. While the standard is that of the ordinary person, there is a genuine issue of material fact as to whether an ordinary Target patron would have discovered the tilted box and appreciated the risk presented upon casual inspection. Therefore, the open and obvious doctrine does not preclude Plaintiffs' negligence claim.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment **[Docket No. 11, filed August 29, 2005]** is DENIED.

        s/ DENISE PAGE HOOD
        DENISE PAGE HOOD
        United States District Judge

DATED: March 23, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 23, 2007, by electronic and/or ordinary mail.

        S/William F. Lewis
        Case Manager